STURGIS & WRIGHT v. H. ARCENAUX.

The defendant agreed to become security for a purchaser of property at a sale on twelve months' credit; he refused to comply with his promise; no act affecting his interest was done by the creditor on the faith of the promise. *Held:* Defendant contemplated a written contract, and until it was signed, he had a right to recant.

APPEAL from the District Court of Terrebonne, *Cole*, J.  *J. C. & A. Beatty*, for plaintiff and appellant.  *E. Belche*, for defendant.

SLIDELL, C. J.   Under a *fieri facias* issued by the plaintiffs against *Leblanc*, and several other writs of execution issued by other judgment creditors against the same parties, a plantation and slaves belonging to *Leblanc* were seized and sold, at twelve months' credit, and were adjudicated to *Leblanc*, at the price of $40,000.   This and several other suits brought by judgment creditors have been consolidated.   The petitions allege that *Leblanc* offered *Arcenaux* as his surety on the bonds, to be given to the plaintiff respectively, and that *Arcenaux* agreed to become such security, and was accepted by the Sheriff and plaintiff; that the bonds were not prepared on the day of sale on account of their great number and the calculations which were required of interest, costs, &c.; that some days afterwards, the bonds were prepared and signed by *Leblanc*, and then presented to *Arcenaux*, who refused.   The petitioner prays that he be adjudged to sign the bonds, amounting to upwards of $20,000, or for such relief, by execution, as they would have had if he had signed them.

There was judgment for the defendant in the court below, and the plaintiffs have appealed.

The promise of *Arcenaux* rests upon the testimony of two witnesses, who state that after the adjudication was made, *Leblanc* was asked by the plaintiffs' attorney, who his surety was to be, and he said *Arcenaux* would be.   The attorney said he was good, if he would agree to it.   They then stepped towards *Arcenaux*, who was standing near, and heard the conversation, and he said he would agree to it.   It was then agreed between *Leblanc*, *Arcenaux* and the attorney, that they should meet on the following Wednesday, at the Sheriff's office, and sign the bonds.

It does not appear, from this evidence, that *Arcenaux*, when he promised, knew, or that any explanation was given to him, of the amount, creditors, or terms of the bonds he was to sign, or even that he was present at the reading of the mortgage certificate.

The defendant contemplated a written contract, and until it was signed, he had a right to recant.   See *Blocker* v. *Tilman*, 4 La. 80.

It is proper to observe, that no act affecting his interests, appears to have been done by the creditor on the faith of the promise, and that the adjudication was made before the promise, and was independent of it.

Judgment affirmed, with costs.